UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


KRISTEN WARGELIN,

       Plaintiff,

v.                                           Case No. 12-CV-15003
                                             Paul D. Borman
BANK OF AMERICA, NA,              United States District Judge
Successor by merger to BAC
HOME LOANS SERVICING, LP

       Defendant.
_____/


**OPINION AND ORDER GRANTING
DEFENDANT'S MOTION TO DISMISS (Dkt. No. 4)**

       This is a mortgage foreclosure case. Plaintiff Kristen Wargelin ("Plaintiff") filed her complaint and request for a Temporary Restraining Order in Washtenaw County Circuit Court on October 9, 2012. On November 12, 2012, Defendant Bank of America, N.A. ("Defendant") removed this case to federal court. (Dkt. No. 1).

       The matter before the Court is Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 9(b) and 12(b)(6), filed on January 11, 2013. (Dkt. No. 4). Plaintiff filed a response (Dkt. No. 8) and Defendant has filed a reply (Dkt. No. 9).

       The oral argument on these matters were held on Wednesday, October 2, 2013. For the following reasons, the Court GRANTS Defendant's Motion to Dismiss.

## I. BACKGROUND[1]

The facts as supplied by Plaintiff in her Complaint can be described as meager at best. Therefore, the Court also relies upon the documents attached to Defendant's Motion to Dismiss to set forth the following uncontroverted facts.[2]

On December 31, 2002, Plaintiff entered into a mortgage loan transaction with non-party America's Wholesale Lender ("AWL") for property located at 476 Liberty Pointe Drive, Ann Arbor, Michigan ("the Property"). Plaintiff also executed a promissory note ("the Note") in the amount of $176,000.00 and a mortgage ("the Mortgage") on the Property in favor of non-party Mortgage Electronic Registrations Systems, Inc. ("MERS"), as nominee for AWL. (Def.'s Ex. D, Note & Ex. E, Mortgage). On September 30, 2009, MERS assigned the mortgage to BAC Home Loans Servicing, L.P. which later merged into Defendant Bank of America, NA. (Def. Ex. F, Assignment of Mortgage).

Plaintiff failed to make timely mortgage payments. (Compl. ¶ 10a). Plaintiff did not cure the default and Defendant initiated foreclosure by advertisement pursuant to Mich. Comp. Laws § 600.3204. (Compl. ¶ 10a; *see also* Def. Br. Ex. G, Sheriff's Deed, Affidavit of MCL 600.3205 Notice). At some point, Plaintiff received "the 14 day letter with a copy of the [Loan

---

[1] The facts alleged in the Complaint are accepted as true for purposes of this motion. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[2] The Note, Mortgage, Sheriff's Deed, and state court order attached to Defendant's motion can be considered part of the pleadings and considered in a motion to dismiss. "[D]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in a plaintiff's complaint and are central to her claim." *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997). In a motion to dismiss, a court may also rely upon matters of public record. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

Modification] program." (Compl. ¶ 10a). Then Plaintiff contacted the Defendant's attorney in order to obtain a loan modification. (Compl. ¶ 10a; *see also* Def. Br. Ex. G, Sheriff's Deed, Affidavit of MCL 600.3205 Notice, stating plaintiff "responded and requested a meeting pursuant to MCL 600.3205b..."). Defendant did not "complete the Loan Modification process and subsequently and apparently denied Plaintiff a Loan Modification. (Compl. ¶ 10b; *see also* Def. Br. Ex. G, Sheriff's Deed, Affidavit of MCL 600.3205 Notice; stating "no agreement could be reached, they are not eligible for a loan modification..."). Defendant also did not send Plaintiff "a denial letter with the calculations." (Compl. ¶ 10c).

Defendant purchased the Property at a sheriff's sale on April 5, 2012 for $182,607.67. (Def.'s Ex. G, Sheriff's Deed).

Plaintiff filed a Motion for Temporary Restraining Order to Stay and Toll the Expiration of the Redemption Period on October 9, 2012. (Dkt. No. 1). The Temporary Restraining Order was granted on October 12, 2012. Defendant properly removed this action on November 12, 2012 before a hearing on the temporary restraining order was ever held. Now before the Court is Defendant's Motion to Dismiss Under Fed. R. Civ. Pro. 9(b) and 12(b)(6).

## II. LEGAL STANDARD

Fed. R. Civ. P. 12(b)(6) allows for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted. When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). But the court "need not accept as true legal conclusions or unwarranted factual inferences." *Id*. (quoting *Gregory v. Shelby County*, 220 F.3d

433, 446 (6th Cir. 2000)).  "[L]egal conclusions masquerading as factual allegations will not suffice." *Eidson v. State of Term. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

The Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level...." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).  Dismissal is only appropriate if the plaintiff has failed to offer sufficient factual allegations that make the asserted claim plausible on its face.  *Id.* at 570.  In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) the Supreme Court clarified the concept of "plausibility" stating:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557 (brackets omitted).

*Id*. at 678.  A plaintiff's factual allegations, while "assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *LULAC v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555-556).  Thus, "[t]o state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *Bredesen*, 500 F.3d at 527 (citing *Twombly*, 550 U.S. at 562).

Pursuant to Federal Rule of Civil Procedure 9(b) a claim of fraud must be pled with

4

particularity. "To meet the particularity requirement, a complaint must (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, (4) explain why the statements were fraudulent." *Smith v. Bank of America*, 485 Fed. Appx. 749, 752 (6th Cir. 2012) (quoting *Frank v. Dana Corp.*, 547 F.3d 564, 570 (6th Cir. 2008)). To properly allege fraud under Rule 9(b), a plaintiff must "at a minimum, ... allege the time, place[,] and contents of the misrepresentation upon which they relied." *Smith*, 485 Fed. Appx. at 752 (citation omitted). Finally, a plaintiff must also set forth enough facts such that "it could be concluded that their reliance was reasonable." *Id.* (citing *Novak v. Nationwide Mut. Ins.*, Co., 235 Mich. App. 675, 599 (Mich. Ct. App. 1999)).

### III. ANALYSIS

Plaintiff alleges six counts in her Complaint: (1) Quiet Title, (2) Unjust Enrichment; (3) Innocent/ Negligent Misrepresentation; (4) Fraud based upon Silent Fraud and Bad Faith Promises; (5) Breach of Mich. Comp. Laws § 600.3205(c); and (6) Deceptive Act and/or an Unfair Practice. In each count Plaintiff requests this Court grant her title to the Property. Defendant argues that Plaintiff's complaint must be dismissed because she lacks standing to overturn the sheriff's sale and also because Plaintiff's claims fail to comply with Federal Rule of Civil Procedure 9(b). Plaintiff fails to respond to the bulk of Defendant's motion and argues in her response that the foreclosure should be set aside because of "fraud and irregularities" in the foreclosure process and also appears to request that the Court "continue to stay and toll the redemption period based upon the above statutory and case law violations." (Plf.'s Resp. at 8).

**A.      Injunctive Relief**

Plaintiff requests in her response that the Court grant her injunctive relief and/or extend

the State Court's Temporary Restraining Order if the redemption period expired. This appears to be in response to Defendant's observation that the redemption period has expired (either four days before Plaintiff filed the present action or when the state court's temporary restraining order expired).

In the instant case, there is no dispute that the redemption period was to expire on October 5, 2012. (Def.'s Ex. G, Sheriff's Deed); MICH. COMP. LAWS § 600.3240(8). It was not until four days later, on October 9, 2012, that Plaintiff filed her Complaint and a Motion for Temporary Restraining Order to Stay and Toll the Expiration of the Redemption Period. (Dkt. No. 1). The temporary restraining order was granted on October 12, 2012. (Def.'s Br. Ex. H, State Court Order). On November 12, 2012, Defendant properly removed this action before a hearing on the temporary restraining order was held. After the removal, Plaintiff failed to seek a preliminary injunction from this Court and Defendant never moved to set aside the state court's order. Therefore, the question of whether the redemption period has lapsed rises and falls on if the state court order tolling the redemption period has expired.[3]

Under the Michigan court rules,

> a temporary restraining order granted without notice expires by its terms within such time after entry, not to exceed 14 days, as the court sets unless within the time so fixed the order, for good cause shown, is extended for a like period or unless the party against whom the order is directed consents that it may be extended for a longer period.

MICH. CT. RULES 3.310(B)(3). In the instant case, a state court hearing on the matter was scheduled for October 31, 2012. Defendant has represented to the Court, and Plaintiff has not

---

[3] The Court need not determine whether the state court's order actually tolled the redemption period when it was entered four days after its expiration. As explained above, the redemption period expired not later than November 26, 2012.

contradicted, that this hearing was adjourned until November 14, 2012.  The case was then removed to this Court before that hearing was held.

"An ex parte temporary restraining order issued by a state court prior to removal remains in force after removal no longer than it would have remained in effect under state law, but in no event does the order remain in force longer than the time limitations imposed by [Fed. R. Civ. P.] 65(b), measured from the date of removal."  *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 439-40 (1974).  Rule 65(b) states that a temporary restraining order "expires at the time after entry – not to exceed 14 days – that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension."  FED. R. CIV. P. 65(b)(2).  In the instant case, the matter was removed on November 12, 2012.  Therefore, regardless of when the state court's order was set to expire, the temporary restraining order could not have remained in effect past November 26, 2012.  As Plaintiff never sought to extend the order in this Court, it is clear the redemption period expired no later than November 26, 2012.

To the extent Plaintiff appears to seek injunctive relief from the Court now, the Court finds it without any showing of good cause.  Plaintiff's argument that she has a great likelihood of success on the merits is based on Defendant's alleged violation of Mich. Comp. Laws § 600.3205c.  As the Court dismisses this claim *infra*, Plaintiff has not shown good cause and the request for injunctive relief is denied.

**B.     Plaintiff's Claims**

    **1.     Quiet Title**

To quiet title under Michigan law, Plaintiff has the burden of proof and must make out a

7

prima facie case of title. *Beulah Hoagland Appleton Qualified Pers. Residence Trust v. Emmet Cnty Road Comm'n*, 236 Mich. App. 546, 550 (Mich. Ct. App. 1999). If a plaintiff can carry this burden, then the defendants must then prove superior right or title. *Id*. In the instant case, Plaintiff claims title through a Warranty Deed while Defendant has a later-dated Sheriff's Deed. (Compl. Ex. 1, Warranty Deed & Ex. 2, Sheriff's Deed). Pursuant to § 600.3236, the later-dated Sheriff's Deed is evidence of superior title to the property. Plaintiff has not argued or produced any evidence to the contrary.

Rather than dispute the superiority of title, Plaintiff challenges the validity of the foreclosure sale and argues that because of "fraud and irregularities" the sale must be set aside and she should be awarded title. Plaintiff argues that Defendant's failure to follow the loan modification procedures set forth in § 600.3205c and possibly defective affidavits attached to the Sheriff's deed at the time it was recorded represent "fraud and irregularities."[4]

a. Fraud and Irregularities

In Michigan, foreclosures by advertisement are governed by statute. *Conlin v. Mortgage Elec. Reg. Sys.*, 714 F.3d 355, 358 (6th Cir. 2013) (citing *Munaco v. Bank of Am.*, No. 12-1325, 2013 WL 362752, at *3 (6th Cir. Jan. 31, 2013) and MICH. COMP. LAWS 600.3204). These statutes set forth the steps to validly foreclose and "also control the rights of both the mortgagee and mortgagor once the sale is completed." *Conlin*, 714 F.3d at 358 (citations omitted).

As explained *supra*, the redemption period in this action expired no later than November 26, 2012. Because the redemption period has lapsed, "all the right, title and interest which the

---

[4] Plaintiff does not advance any arguments regarding the allegedly defective affidavits in her briefing or at oral argument and merely relies upon the violation of § 600.3205c for the argument that the foreclosure should be set aside.

mortgagor had at the time of the execution of the mortgage vests in the entity that purchased the foreclosed property in the sheriff's sale after the expiration of the redemption period." *Cronin v. Bank of Am.*, No. 12-13249, 2013 WL 2626739, at *3 (E.D. Mich. Jun. 11, 2013) (citing *El-Seblani v. IndyMac Mortg. Servs.*, No. 12-1046, 2013 WL 69226, at *3 (6th Cir. Jan. 7, 2013)); *Overton v. Mortg. Elec. Reg. Sys.*, No. 284950, 2009 WL 1507342 (Mich. Ct. App. May 28, 2009) ("Once the redemption period expired, all of plaintiff's rights in and title to the property were extinguished."); MICH. COMP. LAW § 600.3236. "Michigan courts have held that once the statutory redemption period lapses, they can only entertain the setting aside of a foreclosure sale where the mortgagor has made 'a clear showing of fraud, or irregularity.'" *Conlin*, 714 F.3d at 360 (citing *Schulthies v. Barron*, 16 Mich. App. 246, 247-48 (Mich. Ct. App. 1969)). This "misconduct must relate to the foreclosure procedure itself." *Id*. (citing *Freeman v. Wozniak*, 241 Mich. App. 633, 637-38 (2000)).

Michigan law provides that "defects or irregularities in a foreclosure proceeding result in a foreclosure that is voidable, not void *ab initio*." *Kim v. JPMorgan Chase Bank*, 493 Mich. 98, 115 (2012). To this end,

> a plaintiff must show that they were prejudiced by defendant's failure to comply with MCL § 600.3204 [to set aside a foreclosure sale]. To demonstrate such prejudice, they must show that they would have been in a better position to preserve their interest in the property absent defendant's noncompliance with the statute.[5]

---

[5] Section 600.3205 *et seq*. was amended effective on December 22, 2011. The amendment addresses extra requirements "[f]or a foreclosure proceeding in which the first notice under section 3205a is mailed to the borrower on or after February 1, 2012." *Acheampong v. Bank of N.Y. Mellon*, Slip Copy, No. 12-13223, 2013 WL 173472, *6 n. 7 (E.D. Mich. Jan. 16, 2013), *aff'd*, ---- Fed. Appx. ----, 2013 WL 5356877 (6th Cir. Sept. 26, 2013); Mich. Comp. Law 600.3205. In this case, the affidavit attached to the Sheriff's deed evidences that "written notice dated October 5, 2011 was served [on Plaintiff] in the manner necessary according to MCL

*Id*. at 115-116; *see also Conlin*, 714 F.3d at 361 (recognizing that *Kim* holds "failure to comply with the conditions set forth in Michigan's foreclosure-by-advertisement statute does not render flawed foreclosures void (i.e., void *ab initio*) but merely voidable.").[6] In a concurring opinion, Justice Markman also set forth a non-exhaustive list of factors lower courts could look to when examining the issue of prejudice. This list includes: (1) "whether plaintiffs were misled into believing that no sale had been had"; (2) "whether plaintiffs acted promptly after they became aware of the facts on which they based their complaint"; (3) "whether plaintiffs made an effort to redeem the property during the redemption period"; (4) "whether plaintiffs were represented by counsel" during the process; and (5) "whether defendant relied on the apparent validity of the sale by taking steps to protect its interest" in the property. *Kim*, 493 Mich. at 120-21 (internal citations and quotations omitted).

However, Plaintiff has not and cannot allege the prejudice required to set aside the foreclosure sale. Plaintiff's allegations that Defendant failed to follow the loan modification procedures set forth in § 600.3205c by failing to "complete the Loan Modification process and subsequently and apparently denied Plaintiff a Loan Modification" and failing "to send Plaintiff

---

600.3205a(3)..." (Def. Br. Ex. G, Sheriff's Deed, Affidavit of MCL 600.3205 Notice). Therefore, the amendment is not applicable.

[6] To the extent Plaintiff appears to rely on *Mitan v. Federal Home Loan Mortgage Corp*., 593 F.3d 472 (6th Cir. 2012) the reliance is not be well taken. In *Mitan*, the Sixth Circuit held a foreclosure by advertisement pursuant to § 600.3204 was void *ab initio* where the defendant failed to follow loan modification procedures. *Mitan*, 703 F.3d at 953. As examined above, the decision the *Mitan* court relied upon was abrogated nine days later by *Kim. See Cronin*, 2013 WL 2626739, at *3-4 (E.D. Mich. Jun. 11, 2013) (recognizing the abrogation and explaining *Mitan* is no longer good law for the "position that a structural defect in foreclosure proceedings voids the foreclosure.")

a denial letter with the calculations" cannot provide a basis for prejudice. (Compl. ¶¶ 10b & 10c). The statute does not require Defendant to give Plaintiff a loan modification. A violation of § 600.3205c only "provides a borrower with an opportunity to enjoin the sale and force the foreclosure to be conducted *under the judicial foreclosure process*." *Thompson v. JPMorgan Chase Bank*, No. 13-11990, 2013 WL 3936499, at *3 (E.D. Mich. Jul. 30, 2013) (emphasis in original) (citing MICH. COMP. LAWS § 600.3205c(8)). As a foreclosure sale has already taken place, Plaintiff is without a remedy under this statute.

Plaintiff should not be surprised by this conclusion, as courts in this district and the Sixth Circuit have been consistent in finding that the only relief for this type of violation is "to seek the conversion of the foreclosure sale to a judicial foreclosure, prior to the sale." *Id*. (collecting cases); *Block v. BAC Home Loans Servicing*, Slip Copy, 2013 WL 1223892, *2 (6th Cir. Mar. 26, 2013). In *Smith v. Bank of Am. Corp.*, 485 Fed. Appx. 749, 756 (6th Cir. 2012), the Sixth Circuit rejected plaintiffs' statutory claim on a different ground, but noted that regardless the plaintiffs,

> appear to have missed the boat regarding the applicability of this [§ 600.3205c] which, when triggered, allows plaintiffs to enjoin a foreclosure by advertisement and convert it to a judicial foreclosure: they brought this action after the foreclosure sale occurred, and so there is no foreclosure to enjoin or convert.

*Smith v. Bank of Am. Corp.*, 485 Fed. Appx. 749, 756 (6th Cir. 2012).

Further, the Sixth Circuit recently affirmed a case from this district which explicitly held that "a violation of the loan modification statute, MCL § 600.3205c, standing alone is not enough to show fraud or irregularity." *Acheampong v. Bank of N.Y. Mellon*, Slip Copy, No. 12-13223, 2013 WL 173472 *8 (E.D. Mich. Jan. 16, 2013), *aff'd* --- Fed. Appx. ---, 2013 WL 5356877 (6th Cir. Sept. 26, 2013) (stating ; *see also Love v. PNC Bank*, 12-12630, 2013 WL

11

2156050 (E.D. Mich. May 17, 2013) (holding violation of 3205c alone is not enough to show a fraud or irregularity); *Kopko v. Bank of N.Y. Mellon*, 12-13941, 2012 WL 5265758, at *14-15 (E.D. Mich. Oct. 23, 2012) (collecting authority). Therefore, Plaintiff's claim that Defendant failed to complete the modification process or send her a denial letter with a calculations sheet cannot constitute a "fraud or irregularity." Further, Plaintiff has not and cannot allege any other type of relevant prejudice where there is no allegation that she was unaware of the foreclosure sale, she never attempted to redeem the property, and the redemption period has long since expired.

Plaintiff's claim can also be dismissed based on the fact that her allegations regarding the "fraud and irregularities" do not meet the pleading standard set forth in Rule 9(b). Plaintiff's allegations regarding the loan modification procedure are without any facts that might reveal when Plaintiff received her 14 day letter or whom she contacted regarding the loan modification. Plaintiff fails to allege any of her course of dealings with Defendant beyond conclusory statements regarding the loan modification process. This lack of particularity is fatal to her claim.

Plaintiff's allegations that the defective affidavits constitute fraud or irregularity on the part of Defendant fail for the same reason. Plaintiff alleges Defendant *"may* have submitted affidavits or other signed documents" that "may" have been the product of "robo-signing." (Compl. ¶¶ 10-16). Plaintiff does not attach these documents nor does she attempt to explain their significance to the foreclosure process in her Complaint or even in her briefing. Instead, Plaintiff uses her brief to repeat, line by line, the threadbare allegations of her Complaint. (Plf.'s Br. 3-4, 6-7). Indeed, after reading the Complaint and the briefing one cannot say with any

12

certainty that Defendant even created a defective affidavit. These vague statements fall far short of the who, what, when and why demanded by Rule 9(b). *See Smith,* 485 Fed. Appx. at 752.

Plaintiff has failed to plead this claim with particularity and also failed to show that a there were "fraud or irregularities" such that the foreclosure can be set aside. Therefore, Plaintiff Quiet Title claim is dismissed.

**2. Unjust Enrichment**

Defendant argues Plaintiff has failed to set forth a cause of action for unjust enrichment. Plaintiff failed to respond to this argument in her responsive briefing or at oral argument. Therefore, the Court can conclude that Plaintiff has abandoned this claim. Alternatively, this claim fails because a valid contract on the same issue exits.

"A contract implied-in-law is imposed by fiction of law, to enable justice to be accomplished even in case no contract was intended." *Daimler-Chrysler Serv. North Amer. v. Summit National*, 289 Fed. Appx. 916, 924-25 (6th Cir. 2006) (citation omitted). The Sixth Circuit has noted that once a contract is implied-in-law, courts applying Michigan law "have used both the phrase "'quantum meruit' and 'unjust enrichment' to describe the theory of recovery." *Id*. at 925. (collecting cases). Under Michigan law, the essential elements of an unjust enrichment or contract implied-in-law claim are: "(1) receipt of a benefit by the defendant from the plaintiff and, (2) which benefit it is inequitable that the defendant retain." *Dumas v. Auto Club Ins. Ass'n*, 437 Mich. 521, (1991) (citation omitted). If these elements are established, "the law will imply a contract in order to prevent unjust enrichment. However, a contract will be implied only if there is no express contract covering the same subject matter." *Belle Isle Grill Corp. v. City of Detroit*, 256 Mich. App. 463, (Mich. Ct. App. 2003) (citing

*Martin v. East Lansing School Dist.*, 193 Mich. App. 166, 177 (Mich. Ct. App. 1992)).

In the instant case, Plaintiff executed a Note and a Mortgage which govern the issues regarding the rights and obligations of the parties in regards to the Property. Where there is an express contract the Court need not create a contract-in-law. Further, Defendant purchased the Property at a sheriff sale for $182,607.67. Plaintiff has not alleged Defendant received this benefit from her nor has she alleged how it would be inequitable for Defendant to retain this benefit. Therefore, where Plaintiff has wholly failed to set forth a claim of unjust enrichment, the Court dismisses Count II for failure to state a plausible claim.

### 3. Innocent/Negligent Misrepresentation

Defendant next argues Plaintiff's claim for "Innocent/Negligent Misrepresentation" be dismissed because it is barred by the statute of frauds. Plaintiff, yet again, failed to respond to these arguments in her brief or at oral argument and therefore, the Court finds she has abandoned the claim. Alternatively, the Court finds that the claim is without merit.

First, the Court notes that innocent misrepresentation and negligent misrepresentation are two separate claims, with two separate requirements and therefore these claims cannot be conflated into one catchall. "A claim of innocent misrepresentation is shown if a party detrimentally relies upon a false representation in such a manner that the injury suffered by that party inures to the benefit of the party who made the misrepresentation." *Unibar Maint. Serv. v. Saigh*, 283 Mich. App. 609, (Mich. Ct. App. 2009) (quoting *M&D, Inc. v. McConkey*, 231 Mich. App. 22, 27 (Mich. Ct. App. 1998)). A plaintiff need not show a "fraudulent purpose" or intent on the defendant's behalf, or even that the defendant knew that the representation was false." *Unibar*, 283 Mich. App. at 621 (citation omitted). A claim of negligent misrepresentation, on

the other hand, requires a "plaintiff to prove that a party justifiably relied to his detriment on information prepared without reasonable care by one who owed the relying party a duty of care." *Id.* at 621 (quoting *Fejedelem v. Kasco*, 268 Mich. App. 499, 502 (Mich. Ct. App. 2006)).

Similar to Plaintiff's Quiet Title claim, Plaintiff has failed to set forth any facts with particularity as required by Rule 9(b). Plaintiff alleges that Defendant made innocent or negligent "misrepresentations of material facts by promising or representing that Defendant would comply with" the loan modification statute. (Compl. ¶ 33). Plaintiff then alleges that the representations were made by Defendant was directed to Plaintiff and were made in connection with MCLA 600.3205c compliance so that the Plaintiff could remain in her home." (Compl. ¶ 34). Plaintiff states these representations were false when they were made as Defendant failed to comply with the statute and "Plaintiff would not have entered into the Loan Modification process if she would ha[ve] known that the Defendant would not comply with" the statute. (Compl. ¶¶ 35-36). Plaintiff also alleges she suffered damages because of these "representations." (Compl. ¶ 36). First, it is unclear what facts pertain to which claim. Further, Plaintiff's allegations fail to set forth who made the "misrepresentations," when they were made, or really any detail that could enlighten the Court as to their significance. These bare facts fail to set forth a claim that is plausible on its face, let alone a state a claim that can satisfy the heighten standard demanded by Rule 9(b).

For these reasons, Plaintiff's innocent/negligent misrepresentation claim is dismissed for failure to state a claim.

### 4. Fraud based upon Silent Fraud and Bad Faith Promises

Defendant next argues that Plaintiff's Silent Fraud claim must be dismissed because it is

15

not pled with any particularity. Again, Plaintiff failed to advance this claim in her response or during oral argument and the Court considers it abandoned. However, assuming Plaintiff is still pursuing this claim, the Court finds that Plaintiff has failed to meet the pleading standard set forth in Rule 9(b) and dismisses the claim.

To set forth a claim of silent fraud, Plaintiff must not only meet the particularity requirement in Rule 9(b) but also "show that some type of representation that was false or misleading was made and that there was a legal or equitable duty of disclosure." *Smith*, 485 Fed. Appx. at 753-54 (citing *M&D, Inc.*, 231 Mich. App. at 28).

In support of her claim Plaintiff states Defendant "failed to disclose to Plaintiff its intention to go forward with the Sheriff's Sale" and Defendant's "representations were false, when they were made, as Defendant did not intend to fulfill its obligations to Plaintiff. (Compl. ¶¶ 40-41). Plaintiff then alleges that she "relied upon Defendant's assurances, statements, promises and guarantees relating to the Loan Modification." (Compl. ¶ 42). Plaintiff states that Defendant's "failure to disclose MCLA 600.3205c ... caused Plaintiff to have a false impression and Defendant knew or should have known" its failure would create a false impression on Plaintiff. (Compl. ¶ 43).

These facts lack any particularity such that the Court could discern the time and place when these statements were made by Defendant. Further, Plaintiff has failed to set forth any facts that implicate that Defendant had a legal or equitable duty to disclose an alleged misrepresentation. Therefore, similar to her innocent/negligent misrepresentation claim, Plaintiff has wholly failed to satisfy the pleading requirements and dismissal is proper.

### 5. Breach of Mich. Comp. Law § 600.3205c

Plaintiff's claim for breach of Mich. Comp. Law § 600.3205c is merely a restatement of one the grounds under Plaintiff's claim to Quiet Title. This issue is fully examined *supra* in subsection B(1). For the reasons articulated there, the Court finds that this claim also fails to state a claim and is dismissed.

### 6.      Deceptive Acts or Unfair Practice

Finally, Defendant seeks to dismiss Plaintiff's claim of Deceptive Acts or Unfair Practice. Plaintiff failed to respond to Defendant's arguments, yet again; Plaintiff appears to have abandoned this claim. Alternatively, this claim is without merit.

Plaintiff alleges that Defendant "may" have "robo-signed" affidavits and this "may" constitute a deceptive act or unfair practice. (Compl. ¶¶ 52-54). The Court recognizes that there is no cause of action in Michigan for "Deceptive Acts or Unfair Practice." *See Salman v. U.S. Bank*, No. 11-10253, 2011 WL 4945845, at *6 (E.D. Mich. Oct. 18, 2011); *Ott v. Fed. Home Loan Mortg. Corp.*, No. 11-15153, 2012 WL 2359989, at * (E.D. Mich. Jun. 12, 2012).

Defendant has assumed, and the Court does as well, that Plaintiff is attempting to plead a violation of the Michigan Consumer Protection Act ("MPCA"), Mich. Comp. Law § 445.901, *et seq*. The MPCA prohibits "unfair, unconscionable or deceptive methods, acts or practices in the conduct of trade or commerce." MICH. COMP. LAW § 445.903(1). However, the MPCA does not apply to any transaction or conduct that is "specifically authorized under laws administered by a regulatory board or officer acting under statutory authority of this state or the United States." MICH. COMP. LAW § 445.904(1)(a). Michigan courts and federal courts applying Michigan law have held that "residential lending activities of state and federal banks fall under this exception."

*Dingman v. OneWest Bank, FSB*, 859 F. Supp.2d 912, 922 (E.D. Mich. 2012) (citing *Newton v. Bank West*, 262 Mich. App. 434, 441 (Mich. Ct. App. 2004)); *Salman*, 2011 WL 4945845, at *6; *Ott*, 2012 WL 2359989, at *4.  Therefore, Plaintiff's claim fails as a matter of law as MPCA cannot apply to this action.

Further, Plaintiff's allegations are too vague to state a cause of action that is plausible on its face.  *Iqbal*, 556 U.S. at 678.  Plaintiff's allegations only state that Defendant "may" have engaged in robo-signing and that act "may" be a deceptive act.  These allegations are nothing more than pure speculation and cannot survive a motion to dismiss.

## IV.  CONCLUSION

For the reasons stated, the Court GRANTS Defendant's Motion to Dismiss.

**SO ORDERED.**

        s/Paul D. Borman  
        PAUL D. BORMAN  
        UNITED STATES DISTRICT JUDGE

Dated: October 10, 2013

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 10, 2013.

        s/Deborah Tofil  
        Case Manager