UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KRISTEN WARGELIN,

        Plaintiff,

v.                                                                              Case No. 12-CV-15003
                                                          Paul D. Borman
BANK OF AMERICA, NA,                                        United States District Judge
Successor by merger to BAC
HOME LOANS SERVICING, LP

        Defendant.
_____/

**OPINION AND ORDER DENYING
PLAINTIFF'S MOTION FOR RECONSIDERATION (Dkt. No. 13)**

On October 10, 2013, this Court granted Defendant Bank of America, NA's ("Defendant") Motion to Dismiss. (Dkt. No. 11). Now before the Court is Plaintiff Kristen Wargelin's ("Plaintiff") Motion for Reconsideration which was filed on October 24, 2013. (Dkt. No. 13).

Plaintiff alleges the Court committed a palpable error when it failed to address her request for mediation when Plaintiff specifically requested mediation in the oral argument for this matter. Plaintiff's argument in support of this contention consists of exactly two sentences: "In the case at bar, **Mediation** was never considered. Since this is a Quite [sic] Title action that involved home foreclosure and a Loan Modification this action is ripe for mediation in order to give Plaintiff an opportunity to retain her home." (Plf.'s Br. 1) (emphasis in original). In support of this claim Plaintiff inexplicably attaches two orders for

facilitation in unrelated cases before different judges in this district. (Plf.'s Br. Ex. 1 & 2).

Plaintiff's motion for reconsideration is brought pursuant to Local Rule 7.1 which provides:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D.Mich. LR 7.1(h)(3). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001).

More confounding to the Court than Plaintiff's lack of supporting argument or case law in this motion is Plaintiff's refusal to acknowledge the fact that the Court determined her complaint *failed to set forth any plausible claims*. When a court dismisses a complaint for failure to state a claim, it is implausible that the same court will simultaneously find that the action is "ripe" for mediation on the same claims. Therefore, although this Court did not specifically address Plaintiff's request for mediation, its holding on that matter can be deduced "by reasonable implication." E.D.Mich. LR 7.1(h)(3). Accordingly, Plaintiff has failed to show any palpable defect in the Court's Opinion and Order granting Defendant's Motion to Dismiss.

For these reasons, the Court DENIES Plaintiff's Motion for Reconsideration (Dkt. No. 13).

**SO ORDERED.**

                                            s/Paul D. Borman
                                            PAUL D. BORMAN
                                            UNITED STATES DISTRICT JUDGE

Dated:  November 12, 2013

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 12, 2013.

                                            s/Deborah Tofil
                                            Case Manager